**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **PAMELA DIANE STARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:19-cv-02396-JTF-tmp** |
| | ) | |
| **CITY OF MEMPHIS, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORTS AND RECOMMENDATIONS
AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS**

Before the Court is Plaintiff Pamela Diane Stark's *pro se* complaint against Defendants City of Memphis, Mayor Jim Strickland, MPD Director Michael Rallings, MPD Deputy Chief Don Crowe, MPD Lt. Stephen Roach, MPD Sgt. Daniel Cordero, MPD Officer Ervin, Memphis City Attorney Bruce McMullen, Assistant City Attorney Zayid Saleem, District Attorney General Amy Weirich, Deputy District Attorney General Raymond Lepone, Joe Stark and his lawyers Melissa Berry and Michelle Crawford, and MPD Officers John Doe 1-2 that was filed on June 19, 2019. (ECF No. 1). [1] The matter was referred to the United States Magistrate Judge for management of all pretrial matters pursuant to West Tenn. L. R. 4.1(b)(1) and Administrative Order No. 2013-05.

---

[1] The record reflects that Notices of Appearance were filed by Attorneys Brice Moffatt Timmons, Craig Edgington and Bryce Simmons on behalf of Plaintiff Pamela Stark on January 11, 2021.  (ECF Nos. 74–76.)

The Magistrate Judge has issued three Reports and Recommendations, ECF Nos. 62–64, regarding Motions to Dismiss separately filed by (1) Defendants Melissa Berry and Michelle Crawford; (2) Defendants District Attorney General Amy Weirich and Deputy District Attorney General Raymond Lepone; and (3) the remaining Defendants - City of Memphis, Daniel Cordero, Don Crowe, John Does 1–2, MPD Officer Ervin, City Attorney Bruce McMullen, MPD Director Michael Rallings, Stephen Roach, Zayid Saleem, Joe Stark and Mayor Jim Strickland.  (ECF Nos. 36, 39 and 42.)

On February 13, 2020, the Magistrate Judge recommended granting Defendants Amy Weirich and Raymond J. Lepone' s Rule 12(b)(1) and Rule (12)(b)(6) Motion to Dismiss, ECF No. 39, to which Plaintiff filed objections on February 27, 2020 and March 17, 2020; and Defendants responded.  (ECF No. 62, ECF No. 66, ECF No. 69, and ECF No. 71.)  Also, on February 13, 2020, the Magistrate Judge issued a second Report and Recommendation that the Court grant Defendants Melissa Berry and Michelle Crawford's Motion to Dismiss to which Plaintiff filed objections and Defendants responded.  (ECF No. 63, ECF No. 65, ECF No. 67 and ECF No. 70.)  And last, the Magistrate Judge provided a Report and Recommendation that the Court grant in part and deny in part the Defendants City of Memphis, Mayor Jim Strickland, Michael Rallings, Don Crowe, Stephen Roach, Daniel Cordero, Officer Ervin, Bruce McMullen, Zayid Saleem, Joe Stark, and two John Does' Motion to Dismiss on February 18, 2020. (ECF No. 64.)  The respective parties filed objections and responses.  (ECF Nos.  72–74.)

## II.  **FINDINGS OF FACT**

In all three Reports and Recommendations, the Magistrate Judge provides proposed findings of fact with a summary of the underlying facts in this case.  (ECF No. 62, 1–7, ECF No. 63, 1–7, and ECF No. 64, 1–7.)   The Magistrate Judge surmised that Plaintiff's claims resulted from an

alleged assault against her by her husband, Defendant Joe Stark, wherein she suffered injuries at her home on June 17, 2018.  At the time, Plaintiff was employed by Defendant Weirich as an Assistant District Attorney General who directly reported to Defendant Deputy Attorney General Lepone.  Her husband worked as a Sergeant with the Memphis Police Department. After reporting the assault, Plaintiff filed for divorce from her husband who was represented by Defendants Melissa Berry and Michelle Crawford. Plaintiff subsequently became disgruntled by the manner in which the incident was reported, investigated, and ultimately handled by the various named defendants. Plaintiff specifically alleges that her supervisor, Lepone, encouraged her not to report the assault.  Ultimately, the Shelby County District Attorney General's Office recused itself and the matter was assigned to another District Attorney General in August 2018. Plaintiff felt that her concerns and charges were not being addressed or investigated in any meaningful way.  Thus, Plaintiff's claims against her husband and her subsequent criticism of the manner in which MPD handled the alleged assault, as well as her attempts to communicate her concerns to the Mayor of the City of Memphis, were publicly displayed on her Facebook account.  As a result, Plaintiff asserts that she was enjoined by a State Circuit Court Judge from voicing her criticism of the MPD on social media and banned from police premises.  Also, certain MPD officers refused to cooperate and testify in one of her criminal cases. Consequently, Plaintiff submits that as a result of these events, she was harassed, intimidated, and eventually constructively forced to resign her position as an Assistant District Attorney General.  In her complaint, Plaintiff alleges that these Defendants conspired to dissuade her from reporting the June 17th incident against her husband, thereby depriving her of the ability to exercise her federal constitutional rights in violation of 42 U.S.C. §§ 1983 and 1985, free speech, equal protection, substantive and procedural due process, and the Tennessee Constitution.  Plaintiff seeks injunctive and monetary relief for her claims.

Despite Plaintiff's attempts to supplement the factual allegations of her complaint within her objections to the reports and recommendations, the Court adopts the factual history as described in all of the reports and recommendations. (ECF No. 62, 1–7, ECF No. 63, 1–5, ECF No. 64, 1–7, 65, 1–3, ECF No. 72, 6–15.)

### III. LEGAL STANDARDS

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A district court judge must review dispositive motions under the *de novo* standard. *See Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Baker*, 67 Fed. App'x. at 311 and 28 U.S.C. § 636 (b)(1)(B). After review, the district court is free to accept, reject or modify the proposed findings or recommendations of the magistrate judge. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Any party who disagrees with a magistrate judge's recommendation may file written objections to the report and recommendation. *See Thomas*, 474 U.S. at 142; Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(c) and LR 72.1(g)(2). A district judge must determine *de novo* any part of the magistrate judge's recommendation to which proper objections are raised. 28 U.S.C. § 636(b)(1)(c). However, objections to any part of a magistrate judge's report and recommended disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." See *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) and *Thomas,* 474 U.S. at 147 (the purpose of the rule is to "focus attention on those issues ... that are at the heart of the parties' dispute."). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are too general." *Spencer v. Bouchard,* 449 F.3d 712, 725 (6th Cir. 2006) *quoting Miller*, 50 F.3d at 380. A

4

plaintiff's failure to file a specific objection to a magistrate judge's report or one which fails to specifically identify the issues of contention does not satisfy the requirement that an objection was filed at all. *Howard*, 932 F.2d at 509; *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). The district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014).

Generally, *pro se* complaints are held to a less stringent standard than those drafted by attorneys. [2]  As such, these complaints must only plead facts sufficient to show a legal wrong has been committed from which a plaintiff may be granted relief. *See Mullins v. Smith*, 14 F. Supp.2d 1009, 1011 (E.D. Mich. July 27, 1998); *Haines v. Kerner*, 404 U.S. 519 (1972). However, *pro se* civil rights complaints must allege some facts in support of the claim that are more than conclusory allegations. "Unless there is indisputably absent any factual or legal basis for the wrong asserted in the complaint, the trial court, [i]n a close case, should permit the claim to proceed at least to the point where responsive pleadings are required." *Neitzke v. Williams*, 409 U.S. 319, 323 (1989) (internal quotations omitted.) Without some factual allegations, the fair notice requirement of the nature of the complaint is not satisfied. *Id*. at 325, 328–29.  Although a district court is not required to extract the strongest cause of action on behalf of a *pro se* litigant or to create a claim that is not asserted within the complaint, *pro se* complaints must be liberally construed.  *See Johnson v. Biden*, No. 13-2375-JDT-dkv, 2013 WL 3153774, at * 3 (W.D. Tenn. 2013) (citing *Payne v. Sec'y of Treas*., 73 F. App'x 836, 837 (6th Cir. 2003)).

---

[2] It should be noted that the *pro se* Plaintiff in this case is a licensed attorney who was employed by the District Attorney General's office at the time of the occurrences leading up to this lawsuit.  The Court assumes she is still an attorney in good standing in the state of Tennessee.  Moreover, since filing her lawsuit and objections to the Reports and Recommendations, Plaintiff has recently retained counsel.  (ECF Nos. 74–76.)

A party may move to dismiss a claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion challenges the court's statutory or constitutional power to adjudicate the case. A dismissal under Rule 12(b)(1) is not a judgment on the merits of plaintiff's case but instead, a dismissal because the court lacks authority to hear the case. *Wilkins v. Jakeway*, 183 F.3d 528, 33-534 (6th Cir. 1999). The lack of subject matter jurisdiction may not be waived. 2 Moore's Federal Practice §12.30[1](3rd Ed. 2010).  When a Rule 12(b)(1) motion attacks the factual basis for subject matter jurisdiction, "the trial court must weigh the evidence and the plaintiff bears the burden of proving that   jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) citing *RMI Titanium Co. v. Westinghouse Elec. Corp*, 78 F.3d 1125, 1133-35 (6th Cir. 1996). If a court determines that it lacks subject matter jurisdiction, the action must be dismissed. *Id*.

Federal R. Civ. P. 12(b)(6) allows dismissal of a complaint that fails to state a claim upon which relief may be granted. As such, a Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 838 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)).  A motion to dismiss only tests whether the plaintiff has pleaded a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery.  *Brown v. City of Memphis*, 440 F. Supp.2d 868, 872 (W.D. Tenn. 2006.)  When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  A complaint must contain either direct or inferential allegations

respecting all of the material elements necessary to sustain recovery under some viable legal theory. *Id*. at 562. The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555.)  However, a complaint need not provide detailed factual allegations in order to survive dismissal. *Id.*

## IV.  LEGAL ANALYSIS

### A.  *Dismissal of the Claims against Weirich and Lepone*

Plaintiff raises claims against the Shelby County District Attorney General Amy Weirich and Deputy District Attorney General Raymond Lepone, in their individual capacities pursuant to 42 U.S.C. § 1983 and § 1985 for conspiring with others to commit violations of her rights to free speech, equal protection, substantive and procedural due process, rights under the Tennessee Constitution and for intentional infliction of emotional distress.  (ECF No. 1.)  Plaintiff primarily alleges, *inter alia,* that these Defendants violated her rights by prohibiting her from listing her husband as a suspect in a reported domestic violence assault on June 17, 2018 and by continuing to enforce a restraining order that was entered against her by a Circuit Court Judge.

The Magistrate Judge recommends that the undersigned Court dismiss all of Plaintiff's claims against both Weirich and Lepone.  (ECF No. 62.)  The Magistrate Judge determined that injunctive relief against these parties is unavailable and therefore, this request for relief should be denied.[3] Regarding the Defendants' Rule 12(b)(1) arguments regarding lack of jurisdiction, the Magistrate Judge indicates that the domestic relations exception and the *Younger* abstention doctrine should not prevent the Court from exercising jurisdiction in this case. The Magistrate Judge considered

---

[3] Plaintiff concedes that her request for injunctive relief against these parties in their official capacities is barred resulting in the Magistrate Judge also finding that said relief is also unavailable to Plaintiff against these parties in their individual capacities.  (ECF No. 62, 8–10.)

7

Weirich's and Lapone's alleged actions as administrative decisions as opposed to prosecutorial decisions or acts; and therefore, found these claims unprotected by prosecutorial immunity. Accordingly, the Magistrate Judge concludes that Defendants' motion to dismiss the state law and federal claims on these grounds should be denied. [4] (ECF No. 62, 11–15.) However, the Magistrate Judge's report also concludes that Plaintiff failed to sufficiently allege the existence of a conspiracy.  Although Plaintiff alleged the conspiracy was motivated by *animus* against her personally, a class of one claim is not the kind of group that receives "special protection" under the Equal Protection Clause.  Thus, in the Sixth Circuit, such a claim is not cognizable. (*Id*. at 15–18.)  The Magistrate Judge found that Defendants' motion to dismiss Plaintiff's § 1983 and § 1985 conspiracy claims should be Granted. [5] (*Id.*)  The Court agrees.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *See York v. Tennessee*, No. 2:14-cv-2525-JDT-dkv, 2015 WL 4459081 at *3 (W.D. Tenn. July 21, 2015) (quoting *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 150 (1970)).  In this regard, the Magistrate Judge determined that Plaintiff has failed to assert a plausible substantive due process claim because: (a) the alleged denial of redress or protection from domestic violence does not comprise a fundamental interest, and (b) the defendants' alleged conduct does not meet the "shock the conscience" standard so as to establish a substantive due process right.  (ECF No. 62, 18–21.)  Further, the Magistrate Judge determined that Plaintiff has also failed to establish a procedural due process claim because (a) criminal laws do not afford victims an entitlement to a particular property interest or a right to the enforcement of certain

---

[4] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) and *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 798 (6th Cir. 2015), *Younger v. Harris*, 401 U.S. 37, 44 (1971).
[5] *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 224 (6th Cir. 1991) and *Royal Oak Entm't., LLC* v. *City of Royal Oak, Michigan*, 205 F. App'x 389, 399 (6th Cir. 2006).

criminal provisions;[6] and (b) she has not sufficiently pled how Weirich and Lepone prevented her from filing a formal criminal complaint. (*Id.* at 22–25.)

The Magistrate Judge recommends dismissal of Plaintiff's First Amendment claims against Lepone for retaliation because the claims were not alleged with particularity.  (ECF No. 62, 27.) He also recommends dismissal of Plaintiff's equal protection claim for failure to assert a comparator whose domestic violence case was treated differently or more favorably than her case. The Magistrate Judge recommends dismissal of her claims against Weirich regarding supervisor liability for failure to supervise, train or intervene as conclusory and lacking factual support.  (*Id.* at 29–30.)  And last, the report and recommendation provides that Plaintiff has failed to state a claim under the Tennessee Constitution as no such private right of action exists, that her claims against Weirich and Lepone's conduct do not meet the high standard for an emotional distress claim.  (*Id.* at 32–33.)

Plaintiff objects to the recommended dismissal of the claims against these parties, asserting that she has adequately alleged that Weirich and Lepone engaged in multiple conspiracies, even by individual actions, to abridge (1) her equal protection rights; (2) her right to petition the government for redress and (3) her right to freedom of speech.  (ECF No. 66, 1–11.)  Plaintiff asserts that both parties acted as gatekeepers to the governmental redress process by discouraging and denying her the right to file a police report and access to an independent investigator or prosecutor as provided by Tennessee law; and designating her as the suspect instead of the victim of the assault.  (*Id.* at 4.)  In her objections, Plaintiff asserts that her husband Joe Stark filed a police report with the MPD on June 25, 2018 regarding the June 17th incident at their home in order to prevent her from filing formal charges of domestic assault against him.  (ECF No. 65, 2–

---

[6] *See Town of Castle Rock, Colo. V. Gonzales*, 545 U.S. 748, 756 (2005).

3.) And finally, Plaintiff contends that she is a member of a protected class, those who raise allegations against an MPD officer and/or the MPD and therefore, objects to the determination that she is not a member of a class for which equal protection under § 1985 exists.  (ECF No. 66, 5–10.)

 The State responds that (1) Plaintiff did not allege the existence of a conspiracy among these Defendants with specificity or that she received disparate treatment as compared to another similarly-situated individual; (2) Plaintiff was not denied meaningful access to petition the Government for redress in violation of substantive due process or to file a criminal complaint in violation of procedural due process by these state defendants and (3) that she fails to state a claim of First Amendment retaliation by these parties or a viable § 1985 conspiracy claim.  (ECF No. 69, 1–12 and ECF No. 71, 10.)

The Court agrees that Plaintiff has insufficiently alleged that these Defendants denied her the right to file a criminal complaint with the District Attorney General or to ensure that the police report of the incident was investigated. The Complaint lacks plausibly alleged facts that these Defendants entered into a conspiracy with various members of the MPD in order to abridge Plaintiff's freedom of speech— to make an official or public allegation of misconduct against the MPD. Plaintiff's objections to the report that these Defendants retaliated against her by banning her from MPD property and causing her the loss of liberty associated with the restraining order are also speculative and overruled. The Magistrate Judge's recommendation to grant dismissal of the claims against Weirich and Lepone is Granted.

### B.  *Dismissal of Claims Against Berry and Crawford*

 Plaintiff alleges that her husband's attorneys, Melissa Berry and Michelle Crawford, conspired to abridge her rights to redress her §§ 1983, 1985 and First Amendment claims and infringed upon

her rights of freedom of speech and expression under the Tennessee Constitution. Plaintiff alleges that Berry initiated proceedings for a Restraining Order against her, communicated with the City Attorney's office regarding said petition and advised her that an official with the City Attorney's office would be present during any depositions of MPD officers. Plaintiff alleges that, as a result, the Circuit Court Judge entered a Restraining Order ordering her to remove her Facebook posts and to refrain from posting any future comments on social media about the MPD or her husband Joe Stark that could affect his reputation or employment with the MPD. Plaintiff alleges that at Berry's request, the restraining order was amended to include the Circuit Court Judge's precise language from the proceedings. As such, Plaintiff asserts that the attorneys conspired with others to violate her First Amendment rights to free speech and Article 1 of the Tennessee constitution. (ECF No. 1, ¶¶ 103–108, ECF No. 63, 1–5.)

Similar to Plaintiff's claims against Attorneys Weirich and Lepone, the Magistrate Judge reasoned that (1) Plaintiff has not alleged sufficient facts to support her § 1983 conspiracy claims against Attorneys Berry and Crawford; and (2) the § 1983 claim is not a viable claim against a private party in either his or her individual capacity.  (ECF No. 63 and ECF No. 1, ¶¶ 54 & 56.) Because the Magistrate Judge concluded that a party must conspire with the state in order to suffer liability under § 1983, that allegation was not alleged in this case and therefore, should be dismissed.  (ECF No. 63, 7–8.)

Plaintiff objects to the Magistrate Judge's recommendation to dismiss her § 1985 and Equal Protection claims against Berry and Crawford, asserting (1) that she has pled sufficient, and not vague facts, including overt acts by the defendants in furtherance of the conspiracy based on their communications with the City Attorney's office, the Mayor and MPD, all which put the defendants on notice of the claims against them; (2) the alleged conspirators' motivation should be the focus

11

of a § 1985 conspiracy claim as opposed to her membership, or lack thereof, in a protected class; and (3) these defendants' action should be considered conduct by state actors with the assistance of state court authority and procedures in violation of her First Amendment rights that are subject to § 1983 and § 1985 liability.  (ECF No. 65, 3–10.)

In response, the Defendants object that Plaintiff includes facts in her objections that were not alleged or are inconsistent with those alleged in her complaint.  (ECF No. 70, 2.) Specifically, the Defendants assert that under *Browder*, Plaintiff did not allege the manner in which she was exercising a fundamental right and therefore, failed to establish membership in a protected class entitled to equal protection.[7] Moreover, even if Plaintiff successfully established membership in a protected class of parties who have alleged police misconduct, she failed to assert how other comparators outside this class were treated differently. The Defendants further respond that the City Attorney's office did not violate Plaintiff's constitutional rights by supporting the injunction related to her social media posts and their appearances at depositions involving police officers. The Defendants posit that this information does not comprise viable evidence of a conspiracy with members of the City Attorney's office and the MPD.  In support of this argument, the Defendants argue that the attorneys' actions regarding the injunction were justified as Plaintiff admittedly violated the conditions of the Restraining Order. And finally, the City contends that membership in a class of one does not provide § 1985 relief.  (ECF No. 70, 5–9.)  The Court agrees and Plaintiff's objections are overruled.

In order to establish a §1985 conspiracy claim, the Plaintiff must allege a conspiracy for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or equal privileges and immunities under the law.  Plaintiff repeatedly asserts

---

[7] *Browder v. Tipton*, 630 F.2d 1149, 1154 (6th Cir. 1980).

that Berry and Crawford conspired to deprive her of her First Amendment rights to pursue misconduct claims against their client and the MPD.  Plaintiff repeatedly alleges that during the course of representing Mr. Stark, Defendants Berry and Crawford conspired against her by communicating with others in violation of her First Amendment rights.  Again, Plaintiff has not alleged sufficient facts to support her contention, nor a comparator or membership in a protected class of persons in her pleadings.  *Thomas v. City of Memphis*, No. 04-2314-M1/V, 2005 WL 1921804, at *5 (W.D. Tenn. Aug. 3, 2005).

## C. *Dismissal In Part of the Claims against Multiple Defendants*

On February 18, 2020, the Magistrate Judge issued a third Report and Recommendation regarding the Motion to Dismiss, ECF No. 42, that was filed by Defendants—the City of Memphis, Mayor Jim Strickland, Director Michael Rallings, Don Crowe, Stephen Roach, Daniel Cordero, Officer Ervin, Bruce McMullen, Zayid Saleem, Joe Stark, and two John Does—a senior MPD officer and an MPD domestic violence investigator—pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 64.)  On March 17, 2020, Plaintiff and Defendants the City of Memphis, Detective Daniel Cordero, MPD Chief of Information Technology Don Crowe, John Doe 1-2, MPD Officer Ervin, Attorney Bruce McMullen, Director Michael Rallings, MPD Supervisor Stephen Roach, Attorney Zayid Saleem, Joe Stark, and Mayor Jim Strickland filed objections.  (ECF No. 72 and ECF No. 73.)  On March 31, 2020, Defendants City of Memphis, Daniel Cordero, Don Crowe, John Doe 1-2, Ervin, Bruce McMullen, Michael Rallings, Stephen Roach, Zayid Saleem, Joe Stark, and Mayor Jim Strickland filed their objections. (ECF No. 74.) The Court will address these objections below.

Within his report and recommendation, the Magistrate Judge again provides an extensive overview of the facts of this case relative to these named Defendants and the claims against them.

(ECF No. 64, 1–7.)  Plaintiff does not object to the Magistrate Judge's summary of the facts but the City objects that the Magistrate Judge omitted that the initial Mandatory Injunction was issued on June 29, 2018, ECF No. 73-1, but the petition for restraining order in reference to the divorce proceedings was filed on January 15, 2019, almost six months later.  (ECF No. 73. 4–5.)  However, the Court finds that based on the overall detailed description of the events and the Magistrate Judge's prior decision not to consider exhibits outside of the Complaint for purposes of a Rule 12(b)(6) ruling, the proposed findings of fact are adopted.  (ECF No.  65, 1–4 and ECF No. 62, 2 n.2). [8]

Again, the Magistrate Judge concludes that federal jurisdiction exists in this matter because: (1) the *Rooker-Feldman* doctrine does not bar federal jurisdiction of challenges to state court interlocutory orders and (2) the domestic relations exception is inapplicable but (3) the request for injunctive relief should be denied for Plaintiff's failure to assert an exception to the *Younger* doctrine in reference to the pending divorce matter. The Magistrate Judge recommends dismissal of the § 1983 official capacity claims against the named city officials, submitting that all of these claims should proceed against the City of Memphis instead.  (ECF No. 64, 9–17.)

Aside from two exceptions, the Magistrate Judge submits that Plaintiff has failed to plausibly allege with specificity the existence of a § 1983 or §1985 conspiracy, *to wit,* a single plan or agreement in furtherance of any conspiracy to deprive her of any constitutional rights,  among the many defendants in this case.  (*Id.* at 17.)  Specifically, the Magistrate Judge noted that mere communications amongst the parties against whose claims are recommended for dismissal does not suggest the existence of a conspiracy. The Magistrate Judge continues that  many of the actions described in the complaint were committed by one party who acted alone.  (ECF No. 64, 17–20.)

---

[8] *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 487 (6th Cir. 2009).

He also concludes that Plaintiff failed to state a substantive due process claim against Defendants Ervin, Cordero, Roach, and Crowe as lacking a fundamental interest that is protected by the due process clause of the Fourteenth Amendment.   The Magistrate Judge determined that the governmental actions by the parties as alleged, were possibly irresponsible and inappropriate, but did not rise to the level of conduct that "shocks the conscience." (ECF No. 64, 24.)  Similar to the other reports, the Magistrate Judge recommends dismissal of the "class of one" Equal Protection Claim under the Fourteenth Amendment for lack of a named disparately treated comparator, for failure to adequately discredit any basis for the governmental action and/or show how the action was motivated by *animus* or ill will, all justification for dismissal of Plaintiff's § 1983 and §1985 claims.   The Magistrate Judge also recommends dismissal of Plaintiff's state law claims of intentional infliction of emotional distress or interference with business relationship against Defendants Mayor Strickland, Director Rallings, Attorney Bruce McMullen, Officers Crowe and Saleem be granted.  (*Id*. at 30-50.)  However, the Magistrate Judge concludes that the ban of Plaintiff from MPD property, including the Tillman station where her office was located, and prohibiting her from speaking on social media or to City Officials and the MPD regarding the alleged domestic assault by her husband, established a plausible First Amendment retaliation claim against the City and Defendant Stark and a plausible claim for intentional infliction of emotional distress and interference with business relationships by Defendant Joe Stark.  (*Id.* at 49–52.)  And last, the Magistrate Judge recommends dismissal of her false light and invasion of privacy claim against Director Rallings, and City defendants Crowe, Cordero, and John Doe 2 because neither of these defendants were alleged to have taken down a report or published the report listing her as the suspect in the June 17th incident.  (*Id*. at 53–54.)

Plaintiff objects on the basis that (1) she adequately alleged deprivation of a fundamental interest under the First Amendment to make a police report regarding the domestic abuse incident and an inability to address these allegations with the District Attorney General; (2) she adequately alleged an interest to be free from criminal investigation and/or a substantive and procedural due process right violation under the First and Fourteenth Amendments; (3) based on her professional experience with domestic violence victims, she has alleged more than unreasonable conclusions that other victims have been treated more fairly to show disparate treatment in satisfaction of an equal protection claim; and (4) Defendant Stark and his attorneys violated her First Amendment rights when they filed a Petition for Restraining Order and Motion to Amend the Order during the state court divorce proceedings. (ECF No. 72, 3–5.)  These arguments are without merit.

Despite Plaintiff's efforts to assert new allegations in her objections to this last report and recommendation, the City responds that all of the Plaintiff's claims should be dismissed. Therefore, it specifically objects to the Magistrate Judge's recommendation that Plaintiff's First Amendment retaliation claims against the City and Defendant Stark as well as her state law claims for interference with business relations and intentional infliction of emotional distress against Defendant Stark should survive the motion to dismiss.  (ECF No. 74, 4–5.)  The City specifically objects to the Magistrate Judge's finding that 1) the temporal proximity to the ban from MPD property and Stark's alleged interference with her prosecution of a homicide case by causing two detectives to refuse to cooperate were retaliation for her Facebook posts and were  possible First Amendment retaliation claims; 2) that Plaintiff does not have a constitutionally protected right to an investigation into her allegations because there is no right to petition under the First Amendment.  (ECF No. 73, 3 and ECF No. 74, 5.)  The City raises a similar objection to Plaintiff's procedural due process claim under *Castle Rock,* asserting that she failed to assert membership

within a protected class that is entitled to due process protection.[9]  And finally, the City argues that because Plaintiff voluntarily resigned from her position, her claim for interference with business relationship should be dismissed.  (*Id*.)

The Court agrees that the Due Process clause does not require the federal government to provide services and as such, substantive and procedural due process rights are not secured under the Fourteenth Amendment; nor does it implicate a fundamental interest.  *Zuniga v. Cooper*, 2015 WL 6440766, at *6 (W.D. Tenn. Sept. 17, 2015.)  Therefore, Plaintiff's claims under the Fourteenth Amendment and her conspiracy claims under 42 U.S.C. § 1983 and § 1985 should be dismissed against the officials in their individual capacities.  However, the Court finds that Plaintiff has sufficiently alleged claims against the City and Joe Stark for intentional interference with business relations and emotional distress and a First Amendment claim for retaliation.

## CONCLUSION

For the above stated reasons, the Court adopts in full all three of the Magistrate Judge's reports and recommendations in this case. (ECF Nos. 62, 63 and 64.)  The parties' objections, ECF Nos. 65, 72, 73 and 74, are herein Overruled.  Accordingly, Plaintiff's First Amendment retaliation claims against the City of Memphis and Defendant Joe Stark as well as the interference with business relations and intentional infliction of emotional district against Defendant Joe Stark will proceed as recommended.

**IT IS SO ORDERED** on this 16th day of February 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[9] *Town of Castle Rock, Colo*., 545 U.S. at 756.